**POSTED TO THE WEBSITE**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

STEPHEN COLE,

|  |  |
|---|---|
| | Case No. 24-20976-A-7 |
| | FEC-3 |

Debtor.                                   **MEMORANDUM**

Submitted on June 17, 2024

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:    None

1    Rule 9011(b)(1) prohibits filing bankruptcy for an "improper

2  purpose," including "to cause unnecessary delay."  Attorney Joseph

3  Sandbank filed sequential skeletal Chapter 7 petitions for husband and

4  for wife, invoking the stay. 11 U.S.C. § 362(a).  Each case was later

5  dismissed by the Clerk for failure to file the schedules and

6  statements.  Sandbank charged each debtor $150.  At the time of

7  filing, did Sandbank intend to prosecute each case to conclusion?

8  **I.    FACTS**

9    Stephen Cole and Vivian Cole are husband and wife.  Respondent

10 Joseph Sandbank ("Sandbank") is an attorney at law; Sandbank

11 represented each of the Coles in separate Chapter 7 bankruptcies.

12    **A.    Stephen Cole's Bankruptcy**

13    On March 12, 2024, Sandbank filed a skeletal Chapter 7 bankruptcy

14 petition on behalf of Stephen Cole.  Vol. Pet., *In re Stephen Cole*,

15 No. 24-20976 (Bankr. E.D. Cal. March 12, 2024), ECF No. 1.  The

16 petition indicated that the debtor "will pay the entire [filing] fee"

17 with the petition.  *Id.* at § 8.  The fee was not paid with the

18 petition.  The petition contends that the debtor received credit

19 counseling prior to the date of the petition but that the debtor

20 "do[es] not have a certificate of completion."  *Id.* at § 15.  It

21 indicated that Stephen Cole had between "1-49" creditors and owed

22 "$100,001-$500,000" in debts.  *Id.* at § 20.

23    The creditors matrix included only three creditors.  Verification

24 of Master Address List, ECF No. 4.

25    The next day, March 13, 2024, the Clerk of the Court issued a

26 Notice of Incomplete Filing, which specified the documents necessary

27 to complete the filing: Form 122A, Schedules A/B-J, Statement of

28 Financial Affairs and the Summary of Assets and Liabilities.  Not.

2

1   Incomplete Filing, ECF No. 6.  It also informed the debtor and

2   Sandbank that the remaining documents were due March 26, 2024.  A day

3   later, an Amended Notice of Incomplete Filing was issued to add to the

4   list of missing documents the Disclosure of Compensation, Form B2030.

5   Am. Notice of Complete Filing, ECF No. 7.  Both the notice and the

6   amended notice were served on Sandbank.

7        On March 15, and again on March 19, 2024, the Clerk of the Court

8   warned the debtor that the failure to file all the remaining schedules

9   and statements by March 26, 2024, would result in dismissal of the

10  case.  Notice of Incomplete Filing, ECF Nos. 10, 15.

11       On Saturday, March 16, 2024, the Clerk of the Court also issued a

12  "Notice of Payment Due," ECF No. 11.  That document warned that the

13  failure to pay the filing fee within three business days [Wednesday,

14  March 20, 2024] would result in an order to show cause.

15       When Sandbank did not file the Disclosure of Compensation, Form

16  B2030, on March 20, 2034, the Clerk of the Court issued an Order to

17  Show Cause why sanctions should not be imposed.  Order to Show Cause,

18  ECF No. 16; LBR 2016-4 (instructing the Clerk of the Court to set the

19  matter before the Chief Bankruptcy Judge).  The Clerk of the Court set

20  a hearing date for the Order to Show Cause of May 6, 2024.  That order

21  stated:

22       THEREFORE, IT IS ORDERED the debtor's(s') attorney in this
         bankruptcy case appear before the Court on the following
23       date, time and place [May 6, 2024, at 1:00 p.m.] and show
         why sanctions should not be imposed on debtor's attorney or
24       other appropriate relief ordered this bankruptcy case for
         failure to comply with the provisions of the Bankruptcy
25       Code, Federal Rules of Bankruptcy Procedure, and Local
         Rules of Practice and local requirements.
26

27  Order to Show Cause, ECF No. 16.

28       On Friday, March 22, 2024, two days after the last date for

3

1   payment, Notice of Payment Due," ECF No. 11, the filing fee was paid.

2       Neither debtor Cole, nor Sandbank, filed the schedules and

3   statements, nor the certificate of completion for credit counseling.

4   Nor did the debtor, or Sandbank, seek an enlargement of time to do so.

5       On April 1, 2024, the Clerk of the Court dismissed the case for

6   failure to file the schedules and statements. Order Dismissing Case,

7   ECF No. 20.

8       Notwithstanding dismissal, on May 6, 2024, this court convened

9   the hearing on the Order to Show Cause for failure to file the

10   Disclosure of Compensation, Form B2030. Neither Sandbank, nor the

11   debtor, appeared. Civ. Minutes, ECF No. 26. The court imposed

12   monetary sanctions of $1,000. Order, ECF No. 27.

13       On May 8, 2024, the day following the imposition of monetary

14   sanctions against him, Sandbank filed the Disclosure of Compensation.

15   Disclosure of Compensation, ECF No. 28. It stated:

16       Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b),
        I certify that I am the attorney for the above-named
17       debtor(s) and that compensation paid to me within one year
        before the filing of the petition in bankruptcy, or agreed
18       to be paid to me, for service rendered or to be rendered on
        behalf of the debtor(s) in contemplation of or in
19       connection with the bankruptcy case is as follow:

20       For legal services, I have agreed to accept $150.00.

21       Prior to the filing of this statement I have received
        $150.00.
22

      Balance Due $0.00.
23

      ...
24

      [Other provisions as needed] FEE OF $150 FOR FILING OF
25       INITIAL PETITION, ADDITIONAL HOURLY FEES WOULD HAVE APPLIED
        HAD CASE PROCEEDED TO CREDITOR MEETING, ETC.
26

  Disclosure of Compensation para. 1, 5(e), ECF No. 28.[1]
27

─────────────────────

28   [1] The agreement between Stephen Cole and Sandbank also appears to split fees

1    Concerned that Stephen Cole and Sandbank filed the petition

2 without the intent of prosecuting the case to discharge, the court

3 ordered Sandbank to file the fee agreement with Stephen Cole.  Order,

4 ECF No. 32.  He has not done so.  From that refusal, the court draws

5 the negative inference, i.e., that the fee agreement would show that

6 from the beginning Sandbank did not intend to prosecute the case to

7 conclusion.

8          **B.    Vivian Cole's bankruptcy**

9     On April 2, 2024, the day following the dismissal of Stephen

10 Cole's bankruptcy, Sandbank filed a skeletal Chapter 7 bankruptcy on

11 behalf of Vivian Cole.  Vol. Pet., *In re Vivian Cole,* No. 24-21359

12 (Bankr. E.D. Cal. April 2, 2024), ECF No. 1.  Vivian Cole's bankruptcy

13 followed a nearly identical path to that of her husband.  The petition

14 indicated that the debtor "will pay the entire [filing] fee" with the

15 petition.  *Id.* at § 8.  The fee was not paid with the petition.  The

16 petition contends that the debtor received credit counseling prior to

17 the date of the petition but that the debtor "do[es] not have a

18 certificate of completion."  *Id.* at § 15.  It indicated that Vivian

19 Cole had between "1-49" creditors and owed "$100,001-$500,000" in

20 debts.  *Id.* at § 20.

21    The creditors matrix included only four creditors.  Verification

22 of Master Address List, ECF No. 4.  Three of the four precisely

23 overlapped with the creditors listed by her husband, Stephen Cole.

24    The next day, on April 3, 2024, the Clerk of the Court issued a

25 Notice of Incomplete Filing, which specified the documents necessary

26 to complete the filing: Form 122A, Schedules A/B-J, Statement of

27 ───────────────────

28 unlawfully between pre-petition and post-petition work.  *Gordon v. Hines (In re Hines),* 147 F.3d 1185 (9th Cir. 1998); LBR 2016-3.

5

1  Financial Affairs and the Summary of Liabilities.  Not. Incomplete

2  Filing, ECF No. 6.  It also informed the debtor and Sandbank that the

3  remaining documents were due April 16, 2024.  The notice was served on

4  Sandbank.

5      On April 5, 2024, the Clerk of the Court warned the debtor that

6  the failure to file all the remaining schedules and statements by

7  April 16, 2024, would result in dismissal of the case.  Notice of

8  Incomplete Filing, ECF Nos. 9.

9      On Saturday, April 6, 2024, the petition, the Clerk of the Court

10  also issued a "Notice of Payment Due," ECF No. 10.  That document

11  warned the that the failure to pay the filing fee within three

12  business days [Wednesday, April 10, 2024] would result in an order to

13  show cause.  *Id.*

14     When Sandbank did not file the Disclosure of Compensation, Form

15  B2030, on April 10, 2024, the Clerk of the Court issued an Order to

16  Show Cause why sanctions should not be imposed.  Order to Show Cause,

17  ECF No. 14; LBR 2016-4 (instructing the Clerk of the Court to set the

18  matter before the Chief Bankruptcy Judge).  The Clerk of the Court set

19  a hearing date for the Order to Show Cause of May 20, 2024.  That

20  order stated:

21      THEREFORE, IT IS ORDERED the debtor's(s') attorney in this
        bankruptcy case appear before the Court on the following
22      date, time and place [May 20, 2024, at 1:00 p.m.] and show
        why sanctions should not be imposed on debtor's attorney or
23      other appropriate relief ordered this bankruptcy case for
        failure to comply with the provisions of the Bankruptcy
24      Code, Federal Rules of Bankruptcy Procedure, and Local
        Rules of Practice and local requirements.
25

26  Order to Show Cause, ECF No. 14.

27     Neither debtor Cole, nor Sandbank, filed the schedules and

28  statements, nor the certificate of completion for credit counseling.

1   Nor did the debtor, or Sandbank, seek an enlargement of time to do so.

2        On April 22, 2024, the Clerk of the Court dismissed the case for

3   failure to file the schedules and statements.  Order Dismissing Case,

4   ECF No. 19.

5        On April 22, 2024, the Clerk of the Court dismissed the case for

6   failure to file the schedules and statements.  Order Dismissing Case,

7   ECF No. 19.

8        On May 8, 2024, the day following the imposition of monetary

9   sanctions against him in *In re Stephen Cole*, No. 24-20976 (Bankr. E.D.

10  Cal. March 12, 2024), Sandbank filed the Disclosure of Compensation.

11  Disclosure of Compensation, ECF No. 21, in this case.  It stated:

12          Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b),
            I certify that I am the attorney for the above-named
13          debtor(s) and that compensation paid to me within one year
            before the filing of the petition in bankruptcy, or agreed
14          to be paid to me, for service rendered or to be rendered on
            behalf of the debtor(s) in contemplation of or in
15          connection with the bankruptcy case is as follow:

16          For legal services, I have agreed to accept $150.00.

17          Prior to the filing of this statement I have received
            $150.00.
18
            Balance Due $0.00.
19
            ...
20
            [Other provisions as needed] FEE OF $150 FOR FILING OF
21          INITIAL PETITION, ADDITIONAL HOURLY FEES WOULD HAVE APPLIED
            HAD CASE PROCEEDED TO CREDITOR MEETING, ETC.
22

23  Disclosure of Compensation para. 1, 5(e), ECF No. 21.[2]

24       Also, on Wednesday, May 8, 2024, four weeks after the last day

25  for paying the filing fee to avoid dismissal, the filing fee was paid.

26

27  ───────────────────────
    [2] The agreement between Vivian Cole and Sandbank also appears to split fees
    unlawfully between pre-petition and post-petition work.  *Gordon v. Hines (In
28  re Hines)*, 147 F.3d 1185 (9th Cir. 1998); LBR 2016-3.

                                    7

1    Concerned that Vivian Cole and Sandbank filed the petition

2  without the intent of prosecuting the case to discharge, the court

3  ordered Sandbank to file the fee agreement with Vivian Cole.  Order,

4  ECF No. 32.  He has not done so.  From that refusal, the court draws

5  the negative inference, i.e., that the fee agreement would show that

6  from the beginning Sandbank did not intend to prosecute the case to

7  conclusion.

8    Notwithstanding dismissal, on May 20, 2024, this court convened

9  the hearing on the Order to Show Cause for failure to file the

10  Disclosure of Compensation, Form B2030.  Neither Sandbank, nor the

11  debtor, appeared.  Civ. Minutes, ECF No. 31.  Because the Disclosure

12  Statement had been filed, the court dropped the matter without further

13  action.  Civil Minutes, ECF No. 31.

14  **II.   PROCEDURE**

15    This court issued an order to show cause to Joseph Sandbank,

16  attorney for the debtors; the gist of that order was whether Sandbank

17  should be sanctioned for filing Chapter 7 bankruptcies for Stephen

18  Cole and Vivian Cole for the purpose of causing unnecessary delay,

19  Fed. R. Bankr. P. 9011(b)(1), to wit: filing bankruptcy without the

20  intention of prosecuting the case to conclusion and/or discharge.

21  Sandbank has not filed opposition to the order to show cause.  Nor did

22  Sandbank appear at the hearing on the order to show cause.

23  **III.  JURISDICTION**

24    This court has jurisdiction.  28 U.S.C. §§ 1334(a)-(b), 157(b);

25  *see also* General Order No. 182 of the Eastern District of California.

26  Jurisdiction is core.  28 U.S.C. § 157(b)(2)(A); *In re Carrera*, No.

27  2016 WL 4400652, at *5 (B.A.P. 9th Cir. Aug. 16, 2016), aff'd sub nom.

28  *In re Vizconde*, 715 F. App'x 630 (9th Cir. 2017).

8

**IV.  LAW**

Federal Rule of Bankruptcy Procedure 9011 provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a *petition*, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) *it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation*;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b) (emphasis added).

Violations of Rule 9011 may form the basis of monetary sanctions. Fed. R. Bankr. P., 9011(c); sanctions may be ordered after a motion by a party in interest or sua sponte.  Fed. R. Bankr. P. 9011(c)(1)(A)-(B).

Where Rule 9011 sanctions are ordered sua sponte, a heightened standard applies; the conduct that is the subject of the sanction must amount to bad faith.  *In re Nakhuda*, 544 B.R. 886, 899, 901 (9th Cir BAP 2016).  The filing of a bankruptcy petition for the purpose of stalling creditors and without the intention of prosecuting the case to discharge may form the basis of Rule 9011(b)(1) bad faith.  *In re Carrera*, No. 2016 WL 4400652, at *6-9.

9

1  **V.    DISCUSSION**

2      **A.    Bad Faith**

3      The court finds an improper purpose: a specific intent to

4  unnecessarily delay creditors.  Sandbank filed the case to obtain the

5  stay, 11 U.S.C. § 362(a), and without the intention of prosecuting it

6  to conclusion and discharge.  At least in this case, that conduct

7  rises to the level of the bad faith described in *Nakhuda* and *Carrera.*

8  The court draws that inference from the following direct evidence.

9  First, in each case, Sandbank exhibited stalling behaviors.  Examples

10 include: the filing of two skeletal petitions without later effort to

11 complete the required schedules and statements; the 11th hour payment

12 of the filing fees to avoid dismissal; failure to obtain credit

13 counseling;[3] and failure to file the Disclosure of Compensation until

14 after the court sanctioned counsel $1,000.

15     Second, a pattern of delay exits between the petitions of Stephen

16 Cole and Vivian Cole; Sandbank was counsel of record for each of the

17 Coles.  In almost every instance, spouses file a joint bankruptcy

18 petition.  11 U.S.C. § 302.  Without apparent good reason, Stephen

19 Cole and Vivian Cole filed individual petitions.  11 U.S.C. § 301.

20 And the timing of those petitions strongly suggests an improper

21 purpose.  Stephen Cole's Chapter 7 case was dismissed on April 1,

22 2024, and Vivian Cole's Chapter 7 petition was filed April 2, 2024.

23 By timing these petitions as Sandbank did, the debtor purchased the

24 stay, 11 U.S.C. § 362(a), without intervening gap for $300[4] for 42 days

25 ――――――――――――――――――

26 [3] Concededly, the petition represents that credit counseling was obtained
   prior to the petition.  Vol. Pet. § 15, *In re Stephen Cole*, No. 24-20976
   (Bankr. E.D. Cal. March 12, 2024), ECF No. 1.  But because the certificate of
27 completion was never filed the court infers that credit counseling was not
   obtained prior to the filing of the petition.
28 [4] Each debtor paid Sandbank a fee of $150 for filing their case.

10

1   (March 12, 2024, to April 22, 2024, inclusive).  Absent other reason,

2   the filings of serial, sequential bankruptcy petitions are strong

3   evidence of an improper purpose.

4       Third, Sandbank has not cooperated with the court in its effort

5   to investigate the issue.  For example, this court ordered Sandbank to

6   file with the Clerk of the Court his fee agreement with each debtor.

7   Order, *In re Stephen Cole*, No. 24-20976 (Bankr. E.D. Cal. March 12,

8   2024), ECF No. 32; Order, *In re Vivian Cole,* No. 24-21359 (Bankr. E.D.

9   Cal. April 2, 2024), ECF No. 25.  He has not done so.  From the lack

10  of cooperation, the court infers the most negative inference, i.e.,

11  that Sandbank specifically intended to unnecessarily delay creditors

12  and that the fee agreement provides evidence of that fact.

13       Fourth, a fee of $150 for filing a Chapter 7 suggests that

14  Sandbank believed that little work would be required and that the case

15  would last a limited time.  While the fee agreement might provide

16  evidence to the contrary, i.e., hourly charges for work thereafter,

17  Sandbank has refused to provide the court a copy of the fee agreement.

18  For each of these reasons, the court infers bad faith, i.e., a

19  specific intention to unnecessarily delay creditors without the

20  intention of pursuing either case to conclusion.

21      **B.   Sanction**

22      The amount of the sanction should be sufficient to deter

23  repetition of the conduct by the offending attorney and others.  Fed.

24  R. Bank. P. 9011(c)(2); *In re Carrera*, No. BAPNC151383KITAJU, 2016 WL

25  4400652, at *9 (B.A.P. 9th Cir. Aug. 16, 2016) ($2,000 penalty

26  upheld), aff'd sub nom. In re *Vizconde*, 715 F. App'x 630 (9th Cir.

27  2017).  It should not be a serious penalty in the nature of criminal

28  contempt.  *Id.*

1    The court should consider a variety of factors.

2    To determine an appropriate sanction, the bankruptcy court
     should consider: (1) whether the duty violated was to a
3    client, the public, the legal system or the profession; (2)
     whether the lawyer acted intentionally, knowingly or
4    negligently; (3) whether the lawyer's misconduct caused a
     serious or potentially serious injury; and (4) whether
5    aggravating factors or mitigating circumstances exist.
     Crayton, 192 B.R. at 980.
6
     Aggravating factors include considerations that justify an
7    increase in the degree of discipline imposed, such as a
     prior disciplinary offense, multiple offenses, a pattern of
8    misconduct, and refusal to acknowledge the wrongful nature
     of the conduct. *Id.* at 981. Mitigating circumstances
9    include considerations which justify a reduction in the
     degree of discipline, such as the absence of a prior
10   disciplinary record, personal or emotional problems,
     inexperience in the practice of law, or a timely good faith
11   effort to make restitution or to rectify the consequences
     of the misconduct. *Id.*
12
     *In re Brooks-Hamilton*, 400 B.R. 238, 252–53 (B.A.P. 9th Cir.
13   2009)

14        Considering the *Brooks-Hamilton* factors, the court finds that:

15   (1) the filing a bankruptcy with the sole intention of causing

16   unnecessary delay injures the public; (2) Sandbank acted

17   intentionally, rather than carelessly; (3) the injury to the public

18   was modest, i.e., a 42-day delay, not serious; and (4) aggravating,

19   not mitigating, factors exist.  Aggravating factors include: multiple

20   offenses, i.e., two separate Chapter 7 cases; a pattern of misconduct,

21   i.e., stalling behaviors; and a refusal to acknowledge the wrongful

22   nature of the conduct, i.e., refusal to cooperate in the resolution of

23   the problem or to appear at any of the hearings noticed by this court.

24   For these reasons, the court imposes a sanction of $2,000 in each

25   case.

26   \

27   \

28   \

12

**VI. CONCLUSION**

    The order to show cause is sustained and a monetary sanction of $2,000 in each case is imposed.

Dated: June 17, 2024

_____
Fredrick E. Clement
United States Bankruptcy Judge

13

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |